IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>SIDNEY DEWAYNE WOODS,<br><br>      Defendant. | Case No. 23-CR-7-JFH |

**OPINION AND ORDER**

Before the Court is the Motion for Review and Revocation of Detention Order filed by Defendant Sidney Dewayne Woods ("Defendant"). Dkt. No. 29. For the reasons set forth below, Defendant's motion is DENIED.

**I.  PROCEDURAL BACKGROUND**

On January 10, 2023, a grand jury returned an Indictment charging that Defendant knowingly engaged in a sexual act as defined in 18 U.S.C. § 2246, to wit: penetration, however slight, between the penis of Defendant and the vulva of E.W., who had not attained the age of 12 years, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(A), 1151, and 1153. Dkt. No. 2. The same day, the Clerk of Court issued a warrant for Defendant's arrest. Dkt. No. 5. Defendant was arrested and brought before United State Magistrate Judge Kimberly E. West (the "Magistrate Judge"). Dkt. No. 8; Dkt. No. 9; Dkt. No. 12. At that time Defendant was remanded to the temporary custody of the United States Marshal and a detention hearing was set for March 6, 2023. Dkt. No. 12; Dkt. No. 18. At the conclusion of the detention hearing, the Magistrate Judge concluded that there were no conditions or combination of conditions to reasonably ensure the safety of the community and ordered Defendant's detention pending trial. Dkt. No. 32 at 15. On March 10, 2023, Defendant filed the instant Motion seeking review and revocation of the Magistrate Judge's detention order. Dkt. No. 29.

## II.   STANDARD

A criminal defendant may challenge a magistrate judge's detention order by moving to revoke or amend the detention order in the court with original jurisdiction over the offense. *See* 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."). The Court reviews such challenges de novo.[1] *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). "On de novo review of a magistrate judge's order, the district court is charged with making 'an independent determination of the proper pretrial detention or conditions for release.'" *United States v. Garcia*, 445 Fed. Appx. 105, 108 (10th Cir. 2011) (unpublished) (quoting *Cisneros*, 328 F.3d at 616 n.1).

## III.   DISCUSSION

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, a court may detain a defendant pending trial only after a hearing, held pursuant to § 3142(f), and upon a finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). Subject to rebuttal by the defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the court finds that there is probable cause to believe that the defendant committed an offense involving a minor victim under § 2241. *See* 18 U.S.C. § 3142(e)(3)(E).

---

[1] The Court may, in its discretion, hold an evidentiary hearing on a challenge to the magistrate judge's detention order. *See United States v. Oaks*, 793 Fed. Appx. 744, 747 (10th Cir. 2019). Here, neither party has requested a hearing and the Court finds that the factual record is sufficient to conduct a de novo review.

### A. Statutory Presumption Under 18 U.S.C. § 3142(e)(3)(E)

In this case, Defendant is charged with Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. §§ 2241(c), 2246(2)(a), 1151, and 1153. Dkt. No. 2. The grand jury's indictment of Defendant is sufficient to establish a finding of probable cause that he committed an offense involving a minor victim under § 2241. *See United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). This triggers the statutory presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant at trial or will reasonably assure the safety of the community. *See* 18 U.S.C. 3142(e)(3)(B).[2]

Having found the statutory presumption applicable, the burden of production shifts to Defendant to rebut the presumption. This burden requires Defendant to produce some evidence in the face of § 3142(e)'s presumption. *See Stricklin*, 932 F.2d at 1354-55 (10th Cir. 1991) ("The defendant's burden of production is not heavy, but some evidence must be produced."). Testimony on the record, the production of new evidence, or even a proffer of some new evidence may be sufficient to meet Defendant's burden. *United States v. Valdez*, No. CR 21-0562 JB, 2022 WL 3999957, at *8 (D.N.M. Sept. 1, 2022). "On the other hand, if defense counsel brings nothing new to the table, but merely argues for release based on bail reports or other existing [G]overnment documentation already in the record, such argument alone is insufficient" to meet the burden. *Id.* Should Defendant satisfy his burden, the Government must then show by a preponderance of the evidence that Defendant presents a risk of flight, or by clear-and-convincing evidence that he a danger to the community. *See United States v. Holguin*, 791 F. Supp. 2d 1082, 1087 (D.N.M. 2011) (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2nd Cir. 2001); *see also Stricklin*, 932

---

[2] Notably, neither party disputes that the statutory presumption applies in this case. Dkt. No. 31 at 2; Dkt. No. 32 at 12.

F.2d at 1354-55 ("[T]he burden of persuasion regarding risk-of-flight and danger to the community always remains with the [G]overnment.")). Even where a defendant meets his burden, the presumption remains a factor for consideration by the court in determining whether to release or detain him. *See Stricklin*, 932 F.2d at 1355.

### B. Factors to be Considered by the Court

In determining whether there are conditions of release that will reasonably assure Defendant's appearance and the community's safety, the Court should consider Defendant's rebuttal evidence in light of certain factors, including: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including family and community ties, employment, financial resources, drug or alcohol abuse history, and past conduct; and (4) the nature and seriousness of the danger to the community or to an individual that release would pose. *See* 18 U.S.C. § 3142(g).

Relevant here, the Court has reviewed the minutes from the detention hearing [Dkt. No. 21]; the transcript from the detention hearing [Dkt. No. 32]; Defendant's Motion [Dkt. No. 29]; the Government's response [Dkt. No. 31]; and the pretrial services report recommending that there is no condition or combination of conditions that would reasonably assure the safety of the community. In accordance with § 3142(g), the Court analyzes the factors set forth in the statute as follows:

1. **The Nature and Circumstances of the Offense**

In considering the nature and circumstances of the charged offense, one relevant factor is whether the offense involved a minor victim. As noted above, Defendant is charged with aggravated sexual abuse of a minor under the age of twelve (12) years old, in violation of §§ 2241 and 2246. Dkt. No. 2. Defendant is alleged to have sexually abused his four-year-old daughter by

inserting or attempting to insert his penis into her vagina. Dkt. No. 32 at 4-5. Given the serious nature of the charged offense and the involvement of a minor victim, the Court finds that this factor weighs in favor of pretrial detention. 18 U.S.C. § 3142(g)(1).

2. **The Weight of the Evidence**

At the detention hearing, the Government called Agent Paul Staso of the Federal Bureau of Investigation ("FBI") to testify regarding the FBI's investigation of the allegations in this case. Dkt. No. 32 at 4. Agent Staso testified that in June 2022, Defendant's four-year-old daughter E.W. told her mother that her vagina hurt because Defendant came into her room, turned off the lights, and attempted to put his penis "in her." *Id.* at 4-5. According to E.W.'s mother, the last time E.W. stayed with Defendant overnight was on May 28, 2022. *Id.* at 5. Subsequently, during a forensic interview, E.W. told the interviewer that Defendant put his penis "inside her." *Id.*

Defendant was also interviewed during the FBI's investigation. *Id.* at 6. While Defendant did not expressly admit to sexually abusing E.W., he indicated that he thought he had done it while he was drunk around Christmas 2021. *Id.* at 6-7. Defendant told the FBI interviewer that he "blacked out" drinking sometime around Christmas 2021 and resolved not to drink like that again. *Id.* at 9. According to Defendant, E.W. confronted him about the alleged abuse sometime in January 2022. *Id.* at 6. At some point, Defendant also told a co-worker that he believed he had sexually abused E.W. *Id.* at 6. Overall, the weight of the evidence against Defendant is substantial and weighs heavily in favor of pretrial detention.

3. **The History and Characteristics of the Defendant**

Defendant argues that his history and characteristics weigh in favor of pretrial release. Dkt. No. 29 at 11. Proceeding by proffer at the detention hearing, Defendant's counsel stated that Defendant has no criminal history and no history of physical or mental health problems. Dkt. No.

32 at 10.  Counsel further stated that Defendant is financially stable with a history of steady employment.  *Id.* at 10-11.  Counsel read part of a letter from Defendant's employer in which the employer stated of Defendant: "He is one of the lead guys on the job.  He does amazing work.  He is always on time.  He picks up other people on the way to work.  He shows great potential, and I would be happy to take him back when he can come back to work."  *Id.*

Counsel stated that Defendant has lived in Oklahoma all of his life[3] and has strong family ties.  *Id.* at 10-12.  Defendant lives in a trailer on a parcel of land owned by his family.  *Id.* at 11.  Defendant's mother and father, sister and brother-in-law, and brother also live on the property in separate dwelling units.  *Id.*  According to Counsel, there is always an adult present on the property and if released, Defendant would never have unsupervised access to any children that may be there.  *Id.* at 11, 12-13.  Counsel stated that the only firearms on the property are kept in a locked safe in Defendant's mother's house.  *Id.* at 11.  Counsel further stated that if Defendant was released, his mother would be willing to act as a third-party custodian.  *Id.*  Alternatively, Defendant's grandmother, who does not live on the family property, agreed to allow Defendant to live with her.  *Id.* at 14.  According to Counsel, Defendant's mother, brother, sister-in-law, grandmother, and grandmother's husband were all present at the detention hearing and willing to testify in support of the facts set forth in Counsel's proffer.  *Id.* at 10.

The pretrial services report confirms Defendant's lack of criminal history, lack of mental health history, history of steady employment, and ties to the community.  These factors weigh against pretrial detention.  However, the pretrial services report also notes a history of alcohol and

---

[3]  In Defendant's Motion he also states that he "has lived in Oklahoma his entire life."  Dkt. No. 29 at 11.  However, the pretrial services report prepared by the United States Probation Office (the "USPO"), of which the Magistrate Judge took judicial notice at the detention hearing, notes that Defendant lived outside of Oklahoma from approximately 2007 to 2011, when his family temporarily relocated to Conroe, Texas.

substance use. Defendant reported to the USPO that he began using alcohol at the age of sixteen (16) and marijuana at the age of twenty (20). According to the USPO, Defendant began using medical marijuana for back pain and as a sleep aid in 2021 Defendant currently reports using marijuana several times a day and drinking alcohol "throughout the week." The pretrial services report indicates that Defendant has never received any substance abuse treatment and does not believe he needs treatment at this time. Citing the nature of the charged offense and Defendant's substance abuse history, the USPO recommended that there would be no condition or combination of conditions that would reasonably assure the safety of the community. The Court shares these concerns and, given Defendant's statement that he may have committed the charged offense while drunk and his continued substance use, finds that this factor weighs in favor of pretrial detention. 18 U.S.C. § 3142(g)(3).

   **4. The Nature and Circumstances of the Danger to any Person or the Community**

"The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989). Defendant suggests that he is not a danger to E.W. because he has not had any contact with her for the past six (6) months and there "is no reason to believe that would change now." Dkt. No. 29 at 11. He also suggests that he is not a danger to the community because he does not have firearms at his residence and there are no firearms present at his grandmother's house, where he could reside if released. *Id.* Considering the nature of the charged offense, Defendant's acknowledgement that he may have committed the offense while drunk, Defendant's continued substance use, and the USPO's assessment recommending against pretrial release to be significant evidence of danger to the community, the Court finds that there are no conditions of

7

pretrial release that would satisfy the Court's concerns as to the detriment posed to the community. This factor weighs in favor of pretrial detention. 18 U.S.C. § 3142(g)(4).

### IV.   CONCLUSION

Having conducted a de novo review of the Magistrate Judge's detention order. Taking into consideration the § 3142(g) factors, the Court concludes that Defendant has failed to rebut the presumption that his release poses a danger to the community and that no conditions or combination of conditions will ameliorate this danger.[4]

IT IS THEREFORE ORDERED that the Motion for Review and Revocation of Detention Order [Dkt. No. 29] is DENIED.

IT IS FURTHER ORDERED that Defendant shall be detained pending trial. Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Dated this 13th day of April 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court finds that Defendant has not rebutted the presumption that no conditions or combination of conditions can reasonably assure the safety of the community, pretrial detention is warranted, and the Court need not make findings regarding risk of flight.